The plaintiff has been guilty of great neglect. He might have procured a survey before this time. This is distinguishable from the case of St.Lawrence, last term, at Hillsborough, to which it has been compared. St. Lawrence had made no preparations at all for the trial, for want of notice, as he said, of a new trial having been granted the term before; whereas he might have known it had he made the proper inquiry, as he ought to have done, the motion for a new trial being his own motion. Here the plaintiff began his survey in time, as he supposed, to complete it by the time of the sitting of this Court at the present term; but hath been prevented by some unforeseen difficulties, and will be ready with his plats after this day. His cause, therefore, should be continued; but as he has not used all the diligence that he might have used to prepare for the trial, therefore, according to the act of 1779, ch. 4, sec. 5, he must pay all the costs accrued at this term, which are not to be refunded to him even although he should eventually prevail. Rather than submit to these conditions, the plaintiff thought proper to proceed to trial.
Upon the trial it appeared that Dyer and Carroll had been the proprietors of the land out of which this lot was taken; that they conveyed to this plaintiff's father, by deed dated 9 May, 1763. Its execution by Carroll only had been proven, and it had been registered upon that proof; and the plaintiff was proved to be the heir at law of the bargainee. On the other side it appeared that on 22 November, 1764, Dyer and Carroll and others, assignees of the estate of the first-mentioned *Page 129 
Carroll, conveyed part of this large tract of land to Edmund Fanning, and on the same day Dyer and wife conveyed another part thereof to the said Edmund Fanning; and it seemed to be admitted that the lot conveyed to Park, or described in his deed, lay somewhere within the lot conveyed to Fanning. On 3 May, 1775, Fanning conveyed to Cochran, father of the defendants, who is now deceased. Fanning, between the commencement of 1764 and 1766, built a house upon the lot now claimed, and was some time in erecting buildings, which when built had fallen down; after which time he had no actual possession; he had no actual possession to the time of his conveyance to Cochran. Cochran took possession in 1775, and that possession has been continued (180) to the present time. Parks had never any actual possession.
This being the evidence, Mr. Williams for the defendant, moved that the plaintiff might be called. He cited many authorities from the English books to prove that unless a man has entered within the time limited by law, he can never enter afterwards, but loses his right of entry. That here was an adverse possession in Fanning between 1764 and 1766, and the possession once being adverse, need not be continued. That Cochran's possession commenced in 1775, and was an actual adverse possession.